**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Horizon Home Loan, a Division of First Tennessee Bank National Association, its successors and/or assigns,<br><br>       Plaintiff,<br><br>vs.<br><br>Adeyemi Kayode, et al.,<br><br>       Defendants. | No. CV09-2186 PHX-DGC<br><br>**ORDER** |

Defendant Ron E. Medley has removed the present case to this Court from state court. Dkt. #1. The Court finds that it does not have jurisdiction over the case and will remand it to state court for further proceedings.[1]

**I.    Background.**

On September 5, 2008, First Horizon Home Loan filed a forcible detainer action against Adeyemi and Kerry Ann Kayode and Does I-X. Dkt. #1-1 at 1-3.[2] On September

---

[1] Currently, there are 11 motions pending in this case, including a motion to dismiss and remand by First Horizon Home Loan and a corresponding motion by Medley to strike that motion. Dkt. ## 27, 30. Although the Court has read the pending motions, responses, and replies, the Court will remand this case sua sponte on the grounds that it lacks jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . .")

[2] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

1 16, 2008, "RON E. MEDLEY, d/b/a CONSUMER FORECLOSURE SERVICES" – the occupant of the premises at issue in the forcible detainer action – filed an answer to First Horizon's action and also filed counterclaims against First Horizon. *Id.* at 11-15 (capitalization in original); *see id.* at 122. On September 23, 2008, the state court ordered Medley to submit proof of his interest in the real property at issue and also struck Medley's counterclaims. *Id.* at 23-24.

Trial in the forcible detainer case was set for November 25, 2008. *Id.* at 114. Four days before trial, Medley filed a notice of removal to the United States District Court, claiming that the District Court had jurisdiction under 28 U.S.C. 1332(a) and (c)(1). *Id.* at 116-121. The District Court remanded the action to state court, finding that there was no basis for federal jurisdiction. *First Horizon Home Loan v. Medley*, No. Civ 08-2158-PHX-DKD, Dkt. #19 (September 9, 2009). The state court then set trial for October 19, 2009. Dkt. #1-1 at 128. On the morning of trial, Medley filed another notice of removal to the District Court, which the state court denied. *See* CV 2008-021450, Minute Entry of October 19, 2009. Medley did not appear for trial, and the state court found him and the Kayodes guilty of forcible detainer and granted judgment in favor of First Horizon. Dkt. #27 at 7-9. On November 2, 2009, the Kayodes filed a notice of entry of an automatic stay, which was the result of a bankruptcy filing by the Kayodes in January of 2009. Dkt. #27 at 3; Dkt. #23 at 11.

**II. Analysis.**

In his notice of removal of October 19, 2009, Medley asserts that this Court has jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1331. The Court disagrees that it has jurisdiction under either statute and will remand the case to state court.

**A. 28 U.S.C. § 1334(b).**

Medley asserts that this Court has jurisdiction over the case under 28 U.S.C. § 1334(b), and removed the case to this Court using 28 U.S.C. § 1452. Under 28 U.S.C. § 1452 and § 1334(b), a party may remove any state action that is under Title 11, or that is "related to" or "arising in" a case under Title 11. *See* 28 U.S.C. §§ 1452, 1334(b). This

removal statute is to be strictly construed, and any doubts regarding removal must be resolved in favor of remand to state court. *See Luevano v. Dow Corning Corp.*, 183 B.R. 751 (W.D. Tex. 1995) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

Medley asserts that this Court has jurisdiction over the case because it is under, "arising in," or "related to" a case under Title 11 – the petition for bankruptcy filed by the Kayodes on January 12, 2009. Dkt. #1 at 2. The Court disagrees. First, the action in this case is not brought under Title 11; it is a forcible detainer action brought under Arizona law. Dkt. #1-1 at 1-3. Second, this action is not "arising in" a case under Title 11 because "arising in" proceedings have no existence outside bankruptcy – and the forcible detainer action clearly would exist regardless of the bankruptcy. *See Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Third, this action is not "related to" a case under Title 11 because the outcome of the proceeding could not conceivably have any effect on the estate of the Kayodes. The state court already ruled on the forcible detainer case against the Kayodes. Dkt. #27 at 7-9; s*ee Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.").

Moreover, even if this Court had jurisdiction over this case under 28 U.S.C. § 1334(b), it would remand this action to state court on equitable grounds. Under 28 U.S.C. § 1452(b), the district court may remand a claim related to a bankruptcy case "on any equitable ground." *See, e.g., Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620, 628-69 (Bankr. N.D. Iowa 2003); *River Cement Co. v. Bangert Bros. Const. Co.*, 852 F. Supp. 25, 27 (D. Colo. 1994); *In re Riverside Nursing Home*, 144 B.R. 951, 957 (S.D.N.Y. 1992). Medley removed this case in a clear attempt to block the state court trial. Dkt. #27 at 7-9. This fact alone is a sufficient equitable ground for this Court to remand.

**B.    28 U.S.C. § 1331.**

This Court has subject matter jurisdiction over cases involving "federal questions" pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In this case, the Court disagrees that it has jurisdiction under 28 U.S.C. § 1331.

In order to have jurisdiction under 28 U.S.C. § 1331, the federal issue presented in the case "must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Moreover, the federal right claimed "must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (citations omitted). Here, First Horizon's only cause of action is for unlawful detainer under Arizona law, which has no federal element to it. Dkt. #1-1 at 1-3. As a result, there is no federal question jurisdiction under 28 U.S.C. § 1331. This is the same conclusion reached in Medley's previous removal to this Court. *See First Horizon Home Loan v. Medley*, No. Civ 08-2158-PHX-DKD, Dkt. #19 (September 9, 2009).

### III.    Conclusion.

Because the Court will remand the action to state court, the Court will deny all pending motions (Dkt. ##11, 24, 26, 27, 30, 31, 40, 45) without prejudice. First Horizon has not yet requested attorneys' fees in conjunction with this removal, but the Court notes that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court will retain jurisdiction following remand to resolve any motion by First Horizon for attorneys' fees and costs, if First Horizon should choose to file one. *See Bryant v. Britt*, 420 F.3d 161 (2d Cir. 2005). Other than First Horizon's motion for attorneys' fees, neither party shall file any motions in this matter without leave of court.

**IT IS ORDERED:**

1. The Clerk shall remand this action to Maricopa County Superior Court.
2. First Horizon's motion to dismiss for lack of jurisdiction (Dkt. #27) is **denied** as moot.

3. Medley's ex parte motion (Dkt. #11), motion to dismiss (Dkt. #24), motion to strike (Dkt. #26), motion to strike and for sanctions against Plaintiff (Dkt. #30), motion to strike and for sanctions against Plaintiff (Dkt. #31), motion for hearing on motion for expedited ruling (Dkt. #40), and motion for temporary restraining order or preliminary injunction (Dkt. #40) are **denied** without prejudice.

4. First Horizon may file a motion for attorneys' fees and costs by January 15, 2010. If First Horizon has not filed a motion for attorneys' fees and costs by **January 15, 2010**, the Clerk is directed to terminate this action.

5. Neither party may file any other motions in this action without leave of court.

DATED this 9th day of December, 2009.

_____
David G. Campbell
United States District Judge